# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

May 12, 2004

Mr. C. Tom Clowe Jr.
Chair, Texas Lottery Commission
Post Office Box 16630
Austin, Texas 78761-6630

Opinion No. GA-0186

Re: Whether a corporate applicant is ineligible for a manufacturer's or distributor's license if a person holding ten percent or less of the corporation's stock also holds, or an individual related within the first degree by consanguinity to such individual holds, shares in another licensed bingo entity (RQ-0135-GA)

Dear Mr. Clowe:

On behalf of the Texas Lottery Commission (the "Commission"), you ask whether a corporate applicant is ineligible for a manufacturer's or distributor's license if an individual holding ten percent or less of the corporation's stock, or an individual related within the first degree by consanguinity to such individual, also holds shares in another licensed bingo entity.[1]

The bingo industry in Texas is regulated in accordance with chapter 2001 of the Occupations Code, entitled the "Bingo Enabling Act" (the "Act"). *See* TEX. OCC. CODE ANN. § 2001.001 (Vernon 2004). The Act generally requires licenses for all "persons," which is defined to include individuals, partnerships, and corporations, *see id.* § 2001.002(20), involved in any aspect of the bingo industry. *See id.* §§ 2001.101, .151, .201, .206, .251 (requiring licenses to conduct bingo, for commercial lessors, for manufacturers and distributors, and for system service providers). For example, an unlicensed person may not "sell or supply to a person in this state or for use in this state bingo cards, boards, sheets, pads, or other supplies, or equipment designed to be used in playing bingo, or engage in any intrastate activity involving those items." *Id.* § 2001.201. An unlicensed person may not "sell, distribute, or supply bingo equipment or supplies for use in bingo in this state." *Id.* § 2001.206.

Certain persons are ineligible for licenses by statute. *See id.* §§ 2001.154(1), .202(1)-(2), .207(1)-(2), .252(1) (listing eligibility requirements for commercial lessors, manufacturers, distributors, and system service providers). Under sections 2001.202 and 2001.207, which are

---

[1]*See* Letter from Mr. C. Tom Clowe Jr., Chair, Texas Lottery Commission, to Honorable Greg Abbott, Texas Attorney General, at 1-2 (Nov. 24, 2003) (on file with the Opinion Committee, *also available at* http://www.oag.state. tx.us) [hereinafter Request Letter].

essentially identical, the following persons are ineligible for manufacturers' and distributors' licenses, respectively:

> (1) a person convicted of a felony, criminal fraud, a gambling or gambling-related offense, or a crime of moral turpitude if less than 10 years has elapsed since the termination of a sentence, parole, [mandatory supervision, or community supervision] served for the offense;

> (2) a person who is or has been a professional gambler or gambling promoter;

> (3) an elected or appointed public officer or a public employee;

> (4) an owner, officer, director, shareholder, agent, or employee of a licensed commercial lessor;

> (5) a person who conducts, promotes, or administers, or assists in conducting, promoting, or administering[] bingo for which a license is required by this chapter;

> (6) [a distributor if the applicant seeks a manufacturer's license or a manufacturer if the applicant seeks a distributor's license];

> (7) a person who has had a license to manufacture, distribute, or supply bingo equipment or supplies revoked within the preceding year by another state;

> (8) an owner, officer, director, or shareholder of, or a person holding an equitable or credit interest in, another manufacturer or distributor licensed or required to be licensed under this chapter; or

> (9) a person:

>> (A) in which a person described by Subdivision (1), (2), (3), (4), (5), (6), (7), or (8) or in which a person married or related in the first degree by consanguinity or affinity . . . to one of those persons has greater than a 10 percent proprietary, equitable, or credit interest or in which one of those persons is active or employed; or

> (B) in whose application for a [manufacturer's or distributor's] license a person described by Subdivision (1), (2), (3), (4), (5), (6), (7), or (8) is required to be named.

*Id.* §§ 2001.202, .207. Corporate applicants for manufacturers' or distributors' licenses must list, in their applications, "the name and home address of each officer and director and each person owning 10 percent or more of a class of stock in the corporation." *Id.* §§ 2001.203(b)(3)(B), .208(b)(4). An individual's relatives within the first degree by consanguinity include the individual's parent, child, parent's or child's spouse, spouse, and spouse's parent or child. *See* TEX. GOV'T CODE ANN. §§ 573.023(c)(1), .025 (Vernon 1994).

You ask about the eligibility of a corporate applicant for a manufacturer's or distributor's license in five circumstances:

> Under what circumstances does the [Act] prohibit a corporation from being eligible for a bingo manufacturer or distributor's license:
>
> (1)    if an individual shareholder owns ten percent (or less) stock in a bingo manufacturer or distributor and also concurrently owns ten percent (or less) stock interest in another licensed bingo distributor or manufacturer;
>
> (2)    if an individual shareholder owns ten percent (or less) stock in a bingo manufacturer or distributor and also concurrently owns greater than a ten percent stock interest in another licensed bingo distributor or manufacturer;
>
> (3)    if an individual shareholder owns ten percent (or less) stock in a bingo manufacturer or distributor and also concurrently each of his two adult children own ten percent (or less) stock interest in another licensed bingo distributor or manufacturer;
>
> (4)    if an individual shareholder owns ten percent (or less) stock in a bingo manufacturer or distributor and also concurrently has transferred, as the corpus of the trust, his greater than a ten percent stock interest in another licensed bingo distributor or manufacturer, of which he is not a trustee, with his children named as beneficiaries;
>
> (5)    if an individual shareholder owns ten percent (or less) stock in a bingo manufacturer or distributor and also concurrently his adult child owns greater than ten percent stock in a commercial lessor.

Request Letter, *supra* note 1, at 1-2.

In each of your five questions, a shareholder of the corporate applicant owns ten percent or less of the corporation. You do not ask about a shareholder holding more than ten percent of a corporate applicant's shares. *See id.* Sections 2001.202 and 2001.207 facially do not render ineligible a corporate applicant when a shareholder holding less than a ten percent interest in the corporation (a) is a person described in subdivisions (1) through (8), or (b) is related within the first degree by consanguinity or affinity to such an individual. Subsection (9)(A) does not apply because the person does not hold "a greater than 10 percent . . . interest" in the corporation, and subsection (9)(B) does not apply because persons holding less than ten percent ownership are not required to be named in the corporate application. TEX. OCC. CODE ANN. §§ 2001.202(9), .207(9) (Vernon 2004); *see also id.* §§ 2001.203(b)(3)(B), .208(b)(4). Thus, if, in the situations about which you ask, the individual shareholder owns less than ten percent of the applicant's stock, the applicant is not thereby rendered ineligible. On the other hand, a corporate applicant is plainly ineligible when a person described in subdivisions (1) through (8), or a person related within the first degree to a person described in subdivisions (1) through (8), owns more than ten percent of the corporation. *See id.*

With respect to a shareholder who holds exactly ten percent of the corporation, however, the answer is more complex. Under subsection (9)(B), a corporate applicant who is required to name a person described in subdivisions (1) through (8) is ineligible for a license. *See id.* §§ 2001.202(9)(B), .207(9)(B). A corporation's application for a manufacturer's license must list the name of "each person owning 10 percent or more" of the corporation's stock, *id.* § 2001.203(b)(3)(B); the application for a distributor's license must list the name of "each person owning at least 10 percent" of the corporation's stock, *id.* § 2001.208(b)(4). In either case, a shareholder holding exactly ten percent of the corporation's stock (a "ten-percent shareholder") must be listed on the application, and the corporate applicant will be ineligible for a license if the ten-percent shareholder is "a person described by" subdivisions (1) through (8). *Id.* §§ 2001.202(9)(B), .207(9)(B). We accordingly consider each of your five questions with respect to only a ten-percent shareholder, whose name must be listed on the application under sections 2001.202(9)(B), 2001.203(b)(3)(B), 2001.207(9)(B), and 2001.208(b)(4).

You ask first about a corporate applicant if a ten-percent shareholder "also concurrently owns" a ten percent or less interest in another licensed bingo manufacturer or distributor. Request Letter, *supra* note 1, at 2. The ten-percent shareholder's name must be listed in the application, *see* TEX. OCC. CODE ANN. §§ 2001.202(9)(B), .203(b)(3)(B), .207(9)(B), .208(b)(4) (Vernon 2004), and if he or she is "a person described by Subdivision" (1) through (8), the corporate applicant is not eligible for a license, *see id.* §§ 2001.202(9)(B), .207(9)(B). A "shareholder of . . . another [licensed] manufacturer or distributor" is a person described by subdivision (8). *See id.* §§ 2001.202(8), .207(8). Neither section 2001.202(8) nor section 2001.207(8) limits the term "shareholder" to one holding a certain percentage of the other manufacturer's or distributor's shares; rather, the term would include a holder of any number of shares, regardless of the percentage of ownership the stock ownership represents. *See also id.* § 2001.002 (defining terms for the purposes of chapter 2001). Consequently, no matter how small the number of shares the corporate applicant's ten-percent shareholder has in the other manufacturer or distributor, he or she is a person described by subdivision (8) and the corporate applicant is therefore ineligible for a manufacturer's or distributor's license.

Second, you ask about a corporate applicant in which a ten-percent shareholder holds greater than a ten percent interest in another licensed bingo manufacturer or distributor. *See* Request Letter, *supra* note 1, at 2. As in the first question, such a shareholder must be listed in the application, *see* TEX. OCC. CODE ANN. §§ 2001.202(9)(B), .203(b)(3)(B), .207(9)(B), .208(b)(4) (Vernon 2004), and may render the corporation ineligible for a license if the individual is "a person described by Subdivision" (1) through (8). *See id.* §§ 2001.202(9)(B), .207(9)(B). Additionally, the term "shareholder" in subsections 2001.202(8) and 2001.207(8) refers to any shareholder, regardless of the percentage of stock held. *See id.* §§ 2001.202(8), .207(8). If a corporate applicant must list the name of a ten-percent shareholder who holds shares in another licensed bingo manufacturer or distributor, the corporate applicant is ineligible.

You ask next about a corporate applicant if a ten-percent shareholder is related within the first degree by consanguinity to two persons each holding a ten percent or less share in another licensed bingo manufacturer or distributor. *See* Request Letter, *supra* note 1, at 2. Again, because the shareholder's ownership interest is ten percent, his or her name must be listed in the application. *See* TEX. OCC. CODE ANN. §§ 2001.202(9)(B), .207(9)(B) (Vernon 2004). Under subsection (9)(B), a corporation is ineligible only if a person listed in the application is described by subdivisions (1) through (8). *See id.* §§ 2001.202(9)(B), .207(9)(B). But subdivision (9)(B) does not extend the grounds for ineligibility to the listed person's relatives by consanguinity or affinity. And sections 2001.202(9)(A) and 2001.207(9)(A), which extend the conflict-of-interest ineligibility to relatives within the first degree by consanguinity or affinity, apply only to shareholders holding more than ten percent ownership of the corporate applicant. *See id.* §§ 2001.202(9)(A), .207(9)(A). Consequently, the corporate applicant you describe here is not rendered ineligible by virtue of the ten-percent shareholder's relatives' holdings.

Similarly, with respect to your fifth question, a corporate applicant is not rendered ineligible for a license by virtue of a ten-percent shareholder's child's interest in a commercial lessor. *See* Request Letter, *supra* note 1, at 2. The corporate applicant would be rendered ineligible only if the ten-percent shareholder personally held shares of a licensed commercial lessor or if the shareholder held more than ten percent of the corporate applicant. *See* TEX. OCC. CODE ANN. §§ 2001.202(4), (9)(B), .207(4), (9)(B) (Vernon 2004).

The resolution of your fourth question, regarding a corporate applicant's eligibility if a ten-percent shareholder "concurrently has transferred, as the corpus of a trust, his greater than a ten percent stock interest in another licensed bingo distributor or manufacturer, . . . with his children named as beneficiaries," depends upon whether the ten-percent shareholder will continue to be a "shareholder of" or will hold an equitable or credit interest in the manufacturer or distributor following transfer to the trust. Request Letter, *supra* note 1, at 2; *see* TEX. OCC. CODE ANN. §§ 2001.202(8), (9)(B), .207(8), (9)(B) (Vernon 2004). Because the shareholder holds no more than ten percent of the corporate applicant, the corporation is not disqualified by the shareholder's child's interest. *See.* TEX. OCC. CODE ANN. §§ 2001.202(9)(A), .207(9)(A) (Vernon 2004). You tell us that the shareholder will not be a trustee of the trust, but that the trust will be revocable. *See* Request Letter, *supra* note 1, at 2-3.

Whether such a ten-percent shareholder will continue to be a shareholder of or will hold an equitable or credit interest in the other manufacturer or distributor following the transfer of the shareholder's share in a trust will depend upon the terms of the trust instrument. *See Samuell v. Brooks*, 207 S.W. 626, 629 (Tex. Civ. App.–Dallas 1918, writ ref'd) (stating that a trust may be created in one of three ways: "by conveyance or assignment to the donee, or by such transfer to third persons upon declared terms, or by declaration which fastens a beneficial interest in or upon property and retains the legal title in the donor"). In our opinion, if the trust is structured so that the ten-percent shareholder no longer holds title to the shares or any equitable or credit interest in the other manufacturer or distributor, the corporate applicant is not rendered ineligible by the trust's shares. On the other hand, if the trust is structured so that the ten-percent shareholder remains a "shareholder" of the other manufacturer or distributor or holds an equitable or credit interest in the manufacturer or distributor, the corporate applicant is ineligible for a license. Construing a trust instrument involves questions of fact and is not, therefore, a function of the opinion process. *See Vaughn v. Gunter*, 458 S.W.2d 523, 527-28 (Tex. Civ. App.–Dallas), *writ ref'd n.r.e.*, 461 S.W.2d 599 (Tex. 1970) (indicating that, if a settlor's intent cannot be determined from a trust instrument's plain language, the court must examine the facts to determine the settlor's intent); *see also* Tex. Att'y Gen. Op. No. GA-0003 (2002) at 1 (stating that the opinion process does not determine facts). In our opinion, the Commission must determine in the first instance the extent and nature of the shareholder's interest in shares held in a trust.

## S U M M A R Y

A corporate applicant for a bingo manufacturer's or distributor's license is not rendered ineligible under section 2001.202 or 2001.207 of the Occupations Code solely because an individual holding less than ten percent of the corporation's stock also holds stock in, or is related within the first degree by consanguinity or affinity to an individual who holds stock in, another licensed bingo entity. On the other hand, the corporate applicant is rendered ineligible if an individual holding ten percent of the corporation's shares also holds shares, in any quantity, in, or holds an equitable or credit interest in, another licensed bingo manufacturer or distributor. The corporate applicant is not rendered ineligible solely because an individual holding exactly ten percent of the corporation's stock is related within the first degree to an individual holding shares in a commercial lessor or a manufacturer or distributor.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee